IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA S. MUHAMMAD,

      Plaintiff,                              No. CIV S-10-0143 DAD P

    vs.

D.K. SISTO et al.,

      Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

In his complaint, plaintiff has identified the following defendants: (1) Warden D.K. Sisto; (2) Associate Warden W. Rodriguez; (3) Correctional Captain M.B. Miles; (4) Muslim Chaplin Abdul Nasir; (5) Assistant Food Manager P. Vaughn; (6) Correctional Lieutenant R. Hayward; (7) Correctional Sergeant M. Smith; and (8) Correctional Food Manager J. Ridge.  Plaintiff claims that the defendants have prevented him from fasting for Ramadan in violation of his rights under the Free Exercise Clause of the First Amendment.  In terms of relief, plaintiff seeks monetary damages, injunctive relief, and a transfer to federal prison.  (Compl. at 3-5.)

The court finds that plaintiff's complaint appears to state a cognizable claim for relief against defendants Nasir, Vaughn, Hayward, and Ridge.  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court also finds, however, that plaintiff's complaint does not state a cognizable claim against defendants Sisto, Rodriguez, Miles, or Smith.  It is well established that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Here, plaintiff has not alleged a specific causal link between any actions by defendants Sisto, Rodriguez, Miles, or Smith and the claimed constitutional violations.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 16, 2010 application to proceed in forma pauperis (Doc. No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: Nasir, Vaughn, Hayward, and Ridge.

4. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 19, 2010.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Five copies of the endorsed complaint filed January 19, 2010.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: March 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
muha0143.1a

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA S. MUHAMMAD,

    Plaintiff,                                      No. CIV S-10-0143 DAD P

  vs.

D.K. SISTO et al.,                                      NOTICE OF SUBMISSION

    Defendants.                                   OF DOCUMENTS
_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____ <u>one</u> completed summons form;

    ____ <u>four</u> completed USM-285 forms; and

    ____ <u>five</u> true and exact copies of the complaint filed January 19, 2010.

DATED: _____.

_____
Plaintiff