IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAKA S. MUHAMMAD,

       Plaintiff,                      No. CIV S-10-0143 DAD P

   vs.

D.K. SISTO et al.,

       Defendants.             ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has three motions seeking injunctive relief pending before the court.

**BACKGROUND**

       On January 19, 2010, plaintiff filed his complaint in this civil rights action. Therein, plaintiff alleges that defendants Sisto, Rodriguez, Miles, Nasir, Vaughn, Smith, Ridge and Hayward prevented him from receiving religious meals during the December 2008 Ramadan. Plaintiff claims that defendants' actions violated his rights under the Free Exercise Clause of the First Amendment. As relief, plaintiff seeks monetary damages, injunctive relief, and a transfer to a federal prison. (Compl. at 3-5.)

/////

In due course, the court screened plaintiff's complaint and found that it appeared to state cognizable claims against defendants Nasir, Vaughn, Hayward and Ridge. The court also found, however, that the complaint did not state cognizable claims against defendants Rodriguez, Sisto, Miles, or Smith. Accordingly, on March 30, 2010, the court ordered service of plaintiff's complaint on the appropriate defendants. (Doc. No. 8.)

**PLAINTIFF'S MOTIONS**

I. Plaintiff's Motions for a Temporary Restraining Order / Preliminary Injunction

On May 25, 2010, plaintiff filed a motion for a temporary restraining order.[1] In his motion, plaintiff reasserts that he is being subject to religious persecution and oppression by prison officials. Specifically, plaintiff argues that on April 19, 2010, prison officials disapproved his possession of a religious flag. In addition, plaintiff alleges that on May 12, 2010, defendant Nasir refused to order religious oil for plaintiff's religious group, the Lost Found Nation of Islam. Plaintiff therefore requests that he be removed from the custody of the California Department of Corrections and Rehabilitation ("CDCR"), presumably, to the custody of federal officials.

On May 28, 2010, plaintiff filed another motion for a temporary restraining order, or in the alternative, a preliminary injunction. Therein, plaintiff appears to add to the arguments he makes in his May 25, 2010 motion. Specifically, plaintiff contends that prison officials have issued him a religious card and have designated him as the religious representative for the Lost Found Nation of Islam. Nevertheless, in plaintiff's view, defendant Nasir continues to obstruct plaintiff's ability to fast in December and to otherwise exercise his religion. Plaintiff therefore requests, once again, that he be removed from the custody of the CDCR.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure

---

[1] Requests for temporary restraining orders which are not ex parte and without notice are governed by the same standard applicable to motions for a preliminary injunction. See New Motor Vehicle Board v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

the positions until the merits of the action are ultimately determined. See University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who is able to establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, ___U.S.___, 129 S. Ct. 365, 374 (2008); Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009). Since "a preliminary injunction is an extraordinary and drastic remedy" it should not be granted "unless the movant, **by a clear showing**, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in the original).

Here, as an initial matter, plaintiff's new allegations that he has been deprived of a religious flag and religious oils by prison officials must be brought before the court, if plaintiff elects, by way of a new action altogether. These allegations do not directly relate to the claim on which this case is currently proceeding, namely the refusal by defendants to provide plaintiff with Ramadan meals in December 2008. Therefore, the court will not grant plaintiff preliminary relief based on such allegations. Rather, plaintiff is advised that, if he wishes to pursue these claims, he must exhaust his administrative remedies prior to filing suit.

To the extent that plaintiff alleges that defendant Nasir continues to obstruct plaintiff's ability to exercise his religion and to fast in December, plaintiff fails to clearly demonstrate that he is likely to suffer irreparable harm absent preliminary relief. In his motions, plaintiff does not allege facts or provide any evidence showing that he has requested to fast this coming December of 2010 and that defendant Nasir has denied or otherwise obstructed his request. Rather, plaintiff merely restates his allegation that defendant Nasir has prevented him from fasting in the past. Such backward-looking allegations, however, do not warrant injunctive relief.

Moreover, plaintiff fails to allege any facts clearly showing that he is likely to succeed on the merits of his claims. A review of plaintiff's inmate grievances and appeals

1 regarding this matter reveals that defendants attempted to accommodate plaintiff with Ramadan
2 meals in December 2008, but the meals were eventually discontinued due to lack of participation
3 by the inmates.  At this time, the court is unable to conclude that plaintiff is likely to prevail in
4 this action.

Finally, plaintiff's requested relief, his removal from the CDCR and transfer to a federal prison, is not available in any event.  In this regard, the Prison Litigation Reform Act ("PLRA") provides that:

> [in] any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).  Here, there are clearly less drastic and less intrusive means for remedying any denial of Ramadan meals to plaintiff by state prison officials than ordering plaintiff's transfer into federal custody.  Therefore, even assuming that plaintiff met all the requisites for preliminary relief as set forth in <u>Winters</u>, the court would not issue an injunction requiring that plaintiff be transferred from CDCR custody into federal custody.

Accordingly, for all the reasons set forth above, the court will deny plaintiff's motions requesting a preliminary injunction.

II. <u>Plaintiff's Motion for Access to the Prison Law Library</u>

On June 15, 2010, plaintiff filed a request for an order granting him access to the prison law library.[2]  In his motion, plaintiff maintains that prison officials at California State Prison, Solano, where he is incarcerated, have placed inmates on lock-down and have restricted their access to the law library.

---

[2] Plaintiff also requests again in this motion that he be removed from the custody of the CDCR.  However, as explained above, the court lacks jurisdiction to grant plaintiff preliminary relief of this nature.

The Constitution does not guarantee a prisoner unlimited access to the law library. Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). Rather, access to the law library serves as a means for safeguarding a prisoner's constitutional right to access the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). Here, plaintiff has failed to allege facts demonstrating that his ability to litigate his pending lawsuits have, in any way, been prejudiced by his limited access to the law library. In fact, plaintiff acknowledges that prisoners with court deadlines are granted access to the law library at CSP-Solano. (Mot. at ¶ 5.) Accordingly, the court will deny plaintiff's request for an order requiring that he be granted additional law library access.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 25, 2010 motion for a temporary restraining order (Doc. No. 17) is denied;

2. Plaintiff's May 28, 2010 motion for a temporary restraining order, or in the alternative, a preliminary injunction (Doc. No. 19) is denied; and

3. Plaintiff's June 15, 2010 motion "to remove plaintiff from CDCR" and grant plaintiff access to the law library (Doc. No. 21) is denied.

DATED: September 9, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
muha0143.mots