1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAKA S. MUHAMMAD,

11            Plaintiff,              No. CIV S-10-0143 DAD P

12      vs.

13   D.K. SISTO et al.,               ORDER AND

14            Defendants.             FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking

17   relief under 42 U.S.C. § 1983.  This matter is before the court on defendants' motion to revoke

18   plaintiff's in forma pauperis status and dismiss this action because plaintiff has had three or more

19   actions dismissed as frivolous, malicious or for failure to state a claim.  Plaintiff has filed an

20   opposition to the motion, and defendants have filed a reply.

21                              **BACKGROUND**

22          Plaintiff is proceeding on his original complaint against defendants Hayward,

23   Nasir, Ridge, and Vaughn.  Therein, he alleges that the defendants have prevented him from

24   fasting for Ramadan in violation of his rights under the Free Exercise Clause of the First

25   Amendment.  In terms of relief, plaintiff seeks monetary damages, injunctive relief, and  transfer

26   to a federal prison.  (Compl. at 3-5.)

**DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IFP STATUS**

I.  <u>Defendants' Motion</u>

Defense counsel argues that the court should revoke plaintiff's IFP status and dismiss this action because on three or more occasions before filing this action plaintiff incurred a strike under 28 U.S.C. § 1915(g).  Counsel lists nearly a dozen actions that plaintiff has brought prior to filing this action.  In these earlier-filed civil actions, the court dismissed plaintiff's complaint for failure to state a claim or dismissed the cause of action as barred under § 1915(g).  Counsel also notes that this action concerns defendants' alleged violation of plaintiff's right to free exercise of religion and that plaintiff, therefore, may not avail himself of the imminent danger of serious physical injury exception to § 1915(g).  (Defs.' Mot. to Dismiss at 2-5 & Exs. B-K.)

II.  <u>Plaintiff's Opposition</u>

In opposition to defendants' motion, plaintiff argues that the court should allow him to proceed in this action because: (1) defendants have already admitted to certain elements of his claims, (2) the Lost Found Nation of Islam was granted relief in <u>Horn v. People of California</u>, (3) once plaintiff paid the partial filing fee in this case, he should be treated as a paying litigant, and (4) the Prison Litigation Reform Act does not impair the substantive rights of prisoners.  Alternatively, plaintiff requests twenty-one days to pay the filing fee associated with the bringing of this action.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-2.)

III.  <u>Defendants' Reply</u>

In reply, defense counsel argues that plaintiff's arguments have no merit.  In addition, counsel contends that the court should not allow plaintiff twenty-one days to pay the filing fee.  Counsel argues that denial of IFP status mandates dismissal of an action.  Relying on a decision from the Eleventh Circuit Court of Appeals, counsel contends that a prisoner cannot simply pay the filing fee after being denied IFP status.  Rather, the statute requires him to pay the filing fee at the time he brings the suit.  In this regard, counsel contends that, if the court denies

1  him IFP status, plaintiff has no further right to take steps to prosecute this action.  (Defs.' Reply

2  at 1-3.)

3                                                    **ANALYSIS**

4              The federal in forma pauperis statute includes a limitation on the number of

5  actions in which a prisoner can proceed in forma pauperis.

6              In no event shall a prisoner bring a civil action or appeal a
               judgment in a civil action or proceeding under [§ 1915] if the
7              prisoner has, on 3 or more prior occasions, while incarcerated or
               detained in any facility, brought an action or appeal in a court of
8              the United States that was dismissed on the grounds that it is
               frivolous, malicious, or fails to state a claim upon which relief may
9              be granted, unless the prisoner is under imminent danger of serious
               physical injury.
10

11  28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

12  dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

13  prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

14              For purposes of § 1915(g), the court must determine whether plaintiff has, on

15  three or more occasions prior to the filing of this new action, brought a civil action or appeal that

16  was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon

17  which relief could be granted.  Where a court denies a prisoner's application to file an action

18  without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

19  or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for

20  purposes of § 1915(g).   O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

21              Here, defendants have demonstrated that plaintiff has suffered close to a dozen

22  such strikes under § 1915(g).  For example, plaintiff suffered a strike for purposes of § 1915(g)

23  on January 5, 2004, when the district court dismissed Muhammad v. Harris, No. CIV 03-5586

24  MJJ (N.D. Cal.) for failure to state a claim.  He suffered another strike on April 30, 2004, when

25  the district court dismissed Muhammad v. Solis, No. CIV 04-0779 MJJ (N.D. Cal.) for failure to

26  state a claim.  Plaintiff suffered yet another strike on July 7, 2006, when the district court

                                                        3

1  dismissed <u>Muhammad v. United States of America</u>, No. CIV S-06-2035 VAP (JWJ) (C.D. Cal.)

2  for failure to state a claim.  (Defs.' Mot. to Dismiss Exs. B, C & E.)

3          Plaintiff commenced this action on January 19, 2010, by filing a civil rights

4  complaint together with an application to proceed in forma pauperis.  As noted above, however,

5  plaintiff filed this action after having brought three or more prior federal cases that were

6  dismissed on the grounds specified in 28 U.S.C. § 1915(g).  Under these circumstances, the

7  undersigned will recommend that defendants' motion to revoke plaintiff's in forma pauperis

8  status be granted and this action be dismissed, unless plaintiff pays the full statutory filing fee.[1]

9          The court acknowledges that the Eleventh Circuit Court of Appeals has held that

10  lower courts must dismiss an action and not allow a litigant to pay the filing fee after revoking

11  his IFP status pursuant to § 1915(g).  <u>See</u> <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).

12  However, this court is not bound by that decision.  More importantly, the Ninth Circuit Court of

13  Appeals has made clear that issues surrounding the denial of an application to proceed in forma

14  pauperis become moot upon a litigant's paying of the filing fee.  <u>See</u> <u>Lipscomb v. Madigan</u>, 221

15  F.2d 798 (9th Cir. 1955); <u>Funtanilla v. Tristan</u>, No. 05-17096, 2007 WL 1663670 at *1 (9th Cir.

16  Mar. 12, 2007) (reversing a district court's dismissal under 28 U.S.C. 1915(g) where plaintiff

17  paid the filing fee in full prior to dismissal since "once [plaintiff's] fee was paid, the issue of his

18  IFP status became moot")[2]; <u>see also</u> <u>Stringham v. Bick</u>, No. CIV S-09-0286 MCE DAD P (E.D.

19  Cal.) (vacating findings and recommendations to dismiss a civil rights action pursuant to

20

21          [1]  As noted by defendants, there is an exception to the three-strike bar of § 1915(g) which
   allows a prisoner to use IFP status to bring a civil action despite three prior dismissals where the

22  prisoner is under imminent danger of serious physical injury.  <u>See</u> <u>Andrews v. Cervantes</u>, 493
   F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with

23  a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing
   danger' standard and meet the imminence prong of the three-strikes exception.").  However,

24  plaintiff had not alleged, let alone established, that he was "under imminent danger of serious
   physical injury" when he filed this action.  Accordingly, the imminent danger exception under

25  28 U.S.C. § 1915(g) is not available to plaintiff.

26          [2]  Citation to this latter unpublished decision is appropriate pursuant to Ninth Circuit Rule
   36-3(b)

1   § 1915(g) because plaintiff paid the filing fee); <u>Hernandez v. Ventura County</u>, No. CV 09-7838

2   GHK (JC), 2010 WL 3603491 at *6 (C.D. Cal. July 27, 2010) (recommending that defendants'

3   motion to revoke plaintiff's in forma pauperis status be granted, plaintiff's in forma pauperis

4   status be revoked, and the action be dismissed unless plaintiff pays the statutory filing fee);

5   <u>Johnson v. Tilton</u>, No. CV 09-2862, 2010 WL 3782446 at *4 (C.D. Cal. July 22, 2010) (same).

6   Accordingly, the undersigned will recommend that plaintiff be allowed to proceed in this cause

7   of action if he pays the filing fee within the twenty-one-day deadline to file objections to these

8   findings and recommendations.

**OTHER MATTERS**

10          Also pending before the court is plaintiff's motion for summary judgment and

11   plaintiff's motion for class certification.  As to plaintiff's motion for summary judgment, in light

12   of the questions surrounding whether he will be allowed to proceed in this action, the court will

13   deny his motion without prejudice as premature.  On April 6, 2011, the court granted defendants'

14   motion to modify the scheduling order and granted defendants ninety days to file a motion for

15   summary judgment after the assigned district judge rules on the pending motion to dismiss.  If

16   plaintiff is allowed to move forward in this case, the court will grant plaintiff ninety days to file a

17   motion for summary judgment as well.

18          As to plaintiff's motion for class certification, plaintiff is a non-lawyer proceeding

19   without counsel.  It is well established that a layperson cannot ordinarily represent the interests of

20   a class.  <u>See</u> <u>McShane v. United States</u>, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost

21   absolute where, as here, the putative class representative is incarcerated and proceeding pro se.

22   <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot

23   "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the

24   Federal Rules of Civil Procedure.  <u>See</u> <u>Martin v. Middendorf</u>, 420 F. Supp. 779 (D.D.C. 1976).

25   Accordingly, the court will deny plaintiff's motion for class certification.

26   /////

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 26) is denied without prejudice to refiling within ninety days after the district judge rules on the pending motion to dismiss;

2. Plaintiff's motion for class certification (Doc. No. 44) is denied; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's IFP status (Doc. No. 42) be granted;

2. Plaintiff's IFP status be revoked; and

3. This action be dismissed without prejudice, unless plaintiff pays the full statutory filing fee by the deadline for the filing of objections to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
muha0143.57

6